UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL CLAY WILKERSON, SR.**                     **CIVIL ACTION**

**VERSUS**                                          **NO. 08-1196**

**17TH JUDICIAL DISTRICT COURT,**        **SECTION "S" (4)**
**PARISH OF LAFOURCHE**

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     The Complaint**

Daniel Clay Wilkerson, Sr. ("Wilkerson"), a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Louisiana Seventeenth Judicial District Court. In this lawsuit, Wilkerson alleges that he pleaded guilty in state court pursuant to an agreement under which he would be allowed to earn diminution of his sentence based on good behavior. He further alleges that the plea agreement has been violated because he is not, in fact, being permitted to earn "good time" credit. As relief, he seeks a declaration by this Court as to

whether his guilty plea is now invalid based on the State's failure to execute his sentence in conformity with the terms of the plea agreement.

## II.     Prior Related Proceedings

The Court notes that Wilkerson has previously challenged his guilty plea as invalid based on this alleged violation of the plea agreement. In fact, the Court's records show that he has asserted this same claim in both a prior civil rights complaint and a habeas corpus petition.[1]

In 2006, Wilkerson filed a federal civil rights action asserting this same claim and naming as defendants Judge Walter Lanier, III, the Louisiana Department of Corrections, Secretary Richard Stalder, Assistant District Attorney Lisa Pinho, and attorney George Ledet, Jr. Based on the recommendation of United States Magistrate Judge Joseph C. Wilkinson, Wilkerson's § 1983 claims in that lawsuit were dismissed with prejudice and his habeas corpus claims were dismissed without prejudice. *Wilkerson v. Lanier*, Civ. Action No. 06-3044, 2006 WL 2135224 (E.D. La. July 27, 2006).

In 2007, Wilkerson filed a federal habeas corpus petition again asserting the claim. Based on the recommendation of United States Magistrate Judge Daniel E. Knowles, III, that petition was dismissed on the merits with prejudice. *Wilkerson v. Louisiana Dep't of Public Safety and Corrections*, Civ. Action No. 07-3491, 2007 WL 4553939 (E.D. La. Dec. 19, 2007).

---

[1] "A court may take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

Undeterred, Wilkerson next filed the instant civil action asserting that same claim, this time naming the Louisiana Seventeenth Judicial District Court as the sole defendant. For all of the following reasons, this third attempt should also be rejected.

### III. Standard of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The United States Fifth Circuit Court of Appeals has noted "that a district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process,

and that a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (brackets and internal quotation marks omitted).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same *or* different defendants. *Id.* at 1021. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is *plausible on its face*. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (emphasis added) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for the following reasons, Wilkerson's instant complaint should be dismissed as malicious, frivolous, and/or for failing to state a claim on which relief may be granted.

## IV.    Analysis

### A.    Maliciousness

As noted, repetitious litigation should be dismissed as malicious when the plaintiff is asserting virtually identical causes of action as were asserted by him in a pending or previous lawsuit against the same or different defendants. *Bailey*, 846 F.2d at 1021. In the instant case, Wilkerson is clearly attempting to relitigate the same claim which was previously asserted and rejected in Civil Action No. 06-3044. Such a tactic is not allowed. In that prior proceeding, Wilkerson was afforded full review of his claim, and he is therefore not entitled simply to reassert the same claim before a different Magistrate Judge and District Judge. If Wilkerson felt the Court erred in dismissing his prior claim, his recourse was to file an appeal, not a new lawsuit.

However, even if the instant complaint were not dismissed as malicious, it would, for the following reasons, still be subject to dismissal as frivolous and for otherwise failing to state a claim on which relief may be granted.

### B.    Improper Defendant

---

[2] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

5

Wilkerson's complaint invokes this Court's jurisdiction under 42 U.S.C. § 1983, the federal statute which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. However, Wilkerson's § 1983 claim against the Louisiana Seventeenth Judicial District Court is improper for two reasons.

First, a state court is not a "person" subject to suit under § 1983. *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993); *Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Stewart v. Criminal District Court of Louisiana*, Civ. Action No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Rackley v. Louisiana*, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007); *Knight v. Colens*, Civ. Action No. 06-4538, 2006 WL 2849774, at *5 (E.D. La. Oct. 3, 2006); *Harris v. Louisiana State Supreme Court*, 334 F. Supp. 1289, 1300 (E.D. La. 1971).

Second, in any event, Wilkerson's claim is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted). It is clear that the Eleventh Amendment bars § 1983 claims against a state court. *Jefferson v. Louisiana State Supreme Court*, 46 Fed. App'x 732 (5th Cir. 2002); *Southern Christian Leadership Conference v. Supreme Court of State of Louisiana*, 252 F.3d 781, 783 n.2 (5th Cir. 2001); *Landers Seed Co., Inc. v. Champaign National Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994); *Clark*, 984 F.2d at 273; *Rackley*, 2007 WL 1792524, at *3.

Accordingly, for both of the foregoing reasons, it is clear that the Louisiana Seventeenth Judicial District Court, the sole defendant in this action, was improperly named.

### C. **Prematurity**

Further, it is unnecessary to allow Wilkerson an opportunity to amend his complaint to attempt to name a proper defendant because, in any event, his claim is currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a § 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. Therefore, under *Heck*, a plaintiff's federal claim for damages is barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his state conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). Although *Heck* involved a request for monetary damages, its holding has since been extended to also bar claims for declaratory

7

and injunctive relief. *See, e.g., Walton v. Parish of LaSalle*, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 Fed. App'x 377, 379 (5th Cir. 2005); *Shaw v. Harris*, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the present case, Wilkerson essentially argues that his state guilty plea has been rendered invalid based on the State's failure to execute his sentence in conformity with the plea agreement. If that allegation were found to be true and judgment were rendered in Wilkerson's favor in this lawsuit, that judgment would necessarily imply that his state conviction and his resulting confinement are improper. Because Wilkerson cannot show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, his claim is therefore currently barred by *Heck*. Accordingly, even if Wilkerson had named a proper defendant, which he has not, his federal claim would nevertheless still be subject to dismissal with prejudice until such time as the *Heck* conditions were met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### D.     **Habeas Corpus Relief**

Lastly, although Wilkerson has not expressly asked this Court to invalidate his conviction or to release him from his current confinement, that arguably is the relief he ultimately seeks by requesting that the Court declare his guilty plea invalid. Accordingly, out of an abundance of caution, the Court notes that a federal civil rights proceeding is not appropriate for pursuing that type of relief. When a state inmate challenges the very fact or duration of his physical imprisonment, and

8

the relief he seeks is immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Boyd v. Biggers*, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted). Further, it would be futile to construe the complaint in part as a petition seeking federal habeas corpus relief, because, as previously noted, Wilkerson previously sought that same relief with respect to this claim and his habeas petition was dismissed on the merits with prejudice. *Wilkerson v. Louisiana Dep't of Public Safety and Corrections*, Civ. Action No. 07-3491, 2007 WL 4553939 (E.D. La. Dec. 19, 2007).

**V.     Recommendation**

It is therefore **RECOMMENDED** that the claims of Daniel Clay Wilkerson, Sr., against the Louisiana Seventeenth Judicial District Court be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of December, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**